**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: | ) |
| | )    Case No. |
| Organic Nails KS LLC | )    Chapter 11 |
| | )    Subchapter V |
| Debtor    ) | |

**APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTOR**
**AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT**

COMES NOW Organic Nails KS LLC, the Debtor and Debtor-in-possession herein (hereinafter the "Debtor") and, pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, 2016, and 5002, submit this Application to employ the firm Skinner Law, LLC and its members to represent the Debtor in its Chapter 11 bankruptcy proceedings. In support of this Application, the Debtor represents the following:

1.      On September 15, 2023 (the Petition Date), Organic Nails KS LLC filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2.      The Debtor operates a nail salon with a physical address of 6469 Quivira Rd, Shawnee, KS 66216.

3.      The Debtor requires the services of counsel to represent it during these proceedings and desires to employ Nancy L. Skinner and the firm Skinner Law, LLC as its counsel. The services to be provided include the customary services required to represent a Chapter 11 Debtor-in-Possession.

4.      Nancy L. Skinner is a duly licensed and qualified attorney who is, in the opinion of the Debtor, qualified to act as its counsel.

5.      Nancy L. Skinner and the firm Skinner Law, LLC have experience in matters of this character and are well-qualified to act as attorney for the Debtor. The Debtor has selected Skinner Law, LLC to be its counsel based on its expertise and knowledge of bankruptcy law and procedures.

6.     To the best knowledge of the Debtor, neither Skinner Law, LLC nor the attorney is connected in any manner with the Debtor, other than as Debtor's counsel, or with creditors or any other party in interest in this matter. The firm and attorney are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which they are to be engaged their employment would be in the best interests of the bankruptcy estate.

7.     The current hourly rates for the attorney and paralegal who it is anticipated will work on this case are as follows:

Nancy L. Skinner $300.00

Paralegal $125.00

Skinner Law, LLC will also require reimbursement for its out-of-pocket expenses.

8.     The firm received a retainer in the amount of $7,500.00 on or about September 8, 2023 for representation in relation to the Chapter 11 Bankruptcy including the filing fee of $1,738.00. The source of the funds used for the retainer and the filing fee were the Debtor's own funds. The firm has earned a portion of those funds and paid the filing fee of $1,738.00, which left a retainer balance of $2,762.00, which will be held in trust, subject to court approval of fees.

9.     Nancy L. Skinner and the Firm affirm that compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorney for Debtor.

10.     The  Debtor requests approval of the following fee arrangement:

a. Any fee applications may be paid upon approval of the Court of an interim or final fee application filed by counsel pursuant to 11 U.S.C. § 330.

b. Counsel reserves the right to file for monthly compensation pursuant to Local Bankruptcy Rule 2016.1.

c. Failure to object to a monthly statement is not a waiver of the right of any party to object to an interim or final fee application filed pursuant to 11 U.S.C. § 330.

d. Counsel's fees shall not be paid unless:

i. The Debtor has timely filed and submitted to the UST all required operating reports.

ii. The Debtor is current in payment of post-petition taxes and fees and costs assessed under 28 U.S.C. 1930, and

iii. The Debtor either is current in payment of post-petition creditors or has the financial capacity to make such payments.

WHEREFORE, Debtor respectfully requests this Court's order approving the employment of Nancy L. Skinner and Skinner Law, LLC on the basis set forth above and for such other and further relief as the Court deems just and equitable.

This Application is dated this 2nd day of October 2023.

SKINNER LAW, LLC

*/s/ Nancy L. Skinner*
Nancy L. Skinner, KS #24821, MO #62247
Skinner Law, LLC
100 East Park Street, Suite 205
Olathe, KS 66061
913-839-3073 Telephone
913-347-5647 Fax
Nancy@skinnerlawkc.com
Attorney for Debtor(s)

**ATTORNEY'S AFFIDAVIT PURSUANT TO**
**11 U.S.C. §329 AND FED. R. BANKR. P. 2014 AND 2016**

STATE OF KANSAS      )
                           )
COUNTY OF JOHNSON  )

        **Nancy L. Skinner**, being first duly sworn on oath, states as follows:

        1.     I am an attorney and owner of the law firm, Skinner Law, LLC, located at 100 E Park St., Suite 205, Olathe, Kansas 66061. I am licensed to practice law before the United States Bankruptcy Court for the District of Kansas.

        2.     To my knowledge, neither I nor Skinner Law, LLC have any financial connection with the Debtor or its estate.

        3.     To my knowledge, neither I nor Skinner Law, LLC have any agreement or understanding with any other person for division of compensation. I have not entered into any agreement which is prohibited by U.S.C. Title 18, § 155.

        4.     I have reviewed and examined the Debtor's client records, business and financial records, and have made a personal inquiry of the Debtor. To the best of my knowledge, neither I nor Skinner Law, LLC, have any connection with the Debtor, other than the as Debtor's counsel, nor any relevant connection to the Debtor's creditors, any party of interest, their respective attorneys and/or accountant, the United States Trustee, or any persons employed by the United States Trustee. Thus, the firm and its attorney are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which they are to be engaged and its employment would be in the best interests of the bankruptcy estate.

        5.     The firm received a retainer in the amount of $7,500.00 on or about September 13, 2023, for representation in relation to the Chapter 11 Bankruptcy and the filing fee of $1,738.00. The firm paid the filing fee of $1,738.00, which left a retainer balance of $5,762.00.

        6.     I understand that I have a continuing duty to disclose any adverse interest and change in my status as a disinterested party.

        7.     I understand that the Court's approval of the Debtor's Application to Employ counsel does not constitute approval of the proposed terms of compensation set forth therein and that, Pursuant to 11 U.S.C. § 328(a), the Court may allow compensation on terms different from those proposed.

        8.     Based on the foregoing statement, I believe that I and Skinner Law, LLC are "disinterested persons" within the meaning of 11 U.S.C. § 101(14) AND 327 and that our proposed retention as counsel for the Debtor is not prohibited by Fed. R. Bankr. P. 5002.

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Nancy L. Skinner

Subscribed and sworn to before me by Nancy L. Skinner on this 18 day of September, 2023.



MIRIAM RANGEL
My Appointment Expires
November 30, 2024

Notary Public
My Commission Expires: Nov 30, 2023